## Joseph R. Hansell et al.
### v.
## Joseph Jansen.

*Master and Servant—Injury to Servant—Negligence of Master.*

In an action brought by a servant to recover from his employer damages for a personal injury alleged to have been occasioned by his negligence, this court holds, in view of the evidence, that the judgment for the plaintiff can not stand.

[Opinion filed November 11, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Mr. Samuel S. Page, for appellants.

Messrs. Case, Hogan & Case and John Gibbons, for appellee.

Mr. Justice Gary. The appellants conducted an iron foundry, and the appellee worked in it for them. He had worked in other foundries before. He was not a mechanic

but a laborer. For an injury received by him from molten iron on his foot, he sued the appellants. The manner of the operations at the time he was injured is not well told in the evidence, but we gather it to have been that a big iron pot, lined with fire clay, stands upon a couple of horses near the cupola in which the iron is melted, and that from the cupola the molten iron runs into the pot. The pot has a bail by which it can be carried on a hook at the end of a chain suspended from a crane. The crane which first takes the pot is made to swing it to a place where a hook from a second crane and chain can reach the pot, and this last mentioned hook then takes the bail and carries the pot to the molds in which the molten iron is to be poured. In changing the pot from one hook to the other, a rod about eight feet long, ending in a hook, is used to pull the hook to which the change is to be made to the proper place, and the pot meanwhile hangs between the man who holds the rod and the hook to be pulled.

It is easily seen that if any considerable degree of force be necessary in so pulling, the man doing it would find it convenient, at least, to brace himself against something, and it was usual for him to put his foot against an iron band three or four inches in width which is around the pot. This band has arms projecting from two opposite sides, which arms, at some distance from the pot, branch, so that a man on each side of the pot can stand between, and holding to, the branches, thus steadying the pot while being swung by the crane.

The appellee's testimony is that he used the rod in making the change twice; that the first time, he pulled and pulled and could not get it over, and the foreman told him to put his "foot on it." He did so without injury. That on the second occasion the foreman told him to change the hooks, but gave no further directions. He testified that he had seen it done a hundred times; knew how to do it as well as anybody; that when "Joe" was not there, he or anybody standing close would do it. The appellee is a man of middle age, and no claim is made that he was directed to

do what he was not employed, nor should have been required, to do.

His sole complaint is that on the night he was injured, one of the persons between the branches on one side of the pot was a boy of fifteen, weighing from 120 to 125 pounds, and because of his want of strength the pot was not held steady when the appellee put his foot against it, and that molten iron ran upon his foot from the tilting of the pot.

That the appellee had never seen that boy at work may be true, but that he had often done it was proved, and there was no evidence that he was not entirely capable to do it as well as anybody. It is mere conjecture that the way that those branches were held, had anything to do with the accident. The preponderance of the evidence, all but the testimony of the appellee, is that the accident was caused by the appellee putting his foot, not against the band around the pot, but against the pot itself, below the band.

In calculating the composition of forces, the band being apparently above the center of gravity of the pot when full, the probabilities would seem to indicate that he put his foot too low. In any view it is not shown that the appellants were in fault and the judgment must be reversed.

Whether the declaration states a cause of action, or corresponds with the testimony, we leave without comment.

*Reversed and remanded.*